EDDIE HAROLD WALLS v. STATE

No. 27,200. November 24, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 12, 1955

*Peter P. Cheswick,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for felony theft of an automobile; the punishment, two years in the penitentiary.

The appeal is predicated upon the insufficiency of the evi-

4

dence to corroborate the accomplice testimony and to sustain the conviction.

About 8 or 8:30 P.M. on January 1, 1954, Mr. Carl Maples parked his 1953 Mercury in front of the Masonic Lodge, in the 2800 Block of Luell Street, in Houston. He described the car as green with a black top, and gave the license number as NR 8263.

When he returned some three hours later to the place he had parked his car it was not there.

Maples reported the loss of the car to the police, and next saw it several days later at Curtiss Garage on Tidwell Street, at which time it was muddy and the wheels, clock, radio and rear speaker had been removed.

Officers testified to having found a Mercury automobile bearing said license NR 8263 in the woods off West Street in the 7500 or 7600 block, between Cross Timbers and Vaughn, from which the wheels and radio were missing and the ignition wires were pulled out and hanging down.

Some fifty feet off the road, four tires and wheels and hub caps off the Mercury were found. This was some two and one-half blocks from appellant's home.

Appellant was arrested and police officer Romund had a conversation with him regarding the theft of the Maples car, as a result of which the officer accompanied appellant to his home and recovered from him a radio, which was hidden in a piano, which radio appellant told the officer came out of Mr. Maples' car.

Officer Romund testified that he noticed the way the wires on the radio were cut and that the cut wires matched and would fit the wires found in the car.

Mr. Maples was not able to identify the radio which appellant delivered to the officers as being that taken from his car, except to say that it was exactly like it.

Seventeen-year-old Billy Ray Wilburn testified that appellant told him he knew where an automobile was and he wanted to pick it up, and that later he saw appellant driving a Mercury car from which, on January 5th, he assisted in stripping off

the tires and hub caps. The radio, he testified, was not in the car when he and appellant took it from "behind a motel" to the place off West Street where the tires were removed. Wilburn described the color of the car as yellow with a black top, but said it was dark and he was not sure of the color.

The trial court properly instructed the jury that Billy Ray Wilburn was an accomplice and that his testimony was not sufficient unless corroborated.

We find the evidence sufficient to show that appellant was in possession of the recently stolen automobile and of the radio removed therefrom after the theft, and to sustain the conviction.

The testimony of the accomplice is sufficiently corroborated by the evidence of appellant's possession of the radio which came from the stolen automobile.

The judgment is affirmed.